FILED
2015 Nov-09 PM 03:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **ALLSTATE INDEMNITY COMPANY,** ) ) ) **Plaintiff,** ) ) **v.** ) ) **FREDRICK B. BERREY, JR., et al,** ) ) **Defendants.** ) | **CIVIL ACTION NO.:** **1:15-CV-96-VEH** |

## MEMORANDUM OPINION AND ORDER

This declaratory judgment action was filed on January 20, 2015, by the plaintiff, Allstate Indemnity Company ("Allstate") against Frederick B. Berrey, Jr. The complaint also named as defendants Whispering Pines of Lay Lake, Inc. and Whispering Pines of Lay Lake Homeowner's Association (collectively "the Whispering Pines defendants"); and Louis Vanscoy, as personal representative of the estate of Robert John Sajnacki. (Doc. 1). Allstate seeks a declaration that it is not required to defend or indemnify Berrey in connection with a currently pending wrongful death lawsuit, which has been filed by Vanscoy, on behalf of Sajnacki, in the Circuit Court of Talladega County, Alabama ("the underlying action").

The case comes before the court on Berrey's Motion to Dismiss. (Doc. 54). Although it is not entitled a "partial" motion to dismiss, the motion argues only that

"Allstate's requested declaration of its indemnity obligation is not ripe for adjudication, and the claim for a declaratory judgment with regard to indemnity must be dismissed without prejudice." (Doc. 54 at 1-2).[1]

Berrey notes that Allstate's complaint

"seeks a declaratory judgment that it owes no duty to … indemnify" Berrey "with regard to **claims** against him" in the [underlying] [a]ction . . .. Allstate does not allege that Berrey has become legally obligated to pay any damages in the [underlying] [a]ction, and Allstate seeks no judgment with regard to any damages that Berrey has become legally obligated to pay in the [underlying] [a]ction.

(Doc. 54 at 5-6) (emphasis added in original) (quoting doc. 1 at 1). Berrey concludes:

Because Berrey has not become legally obligated to pay any damages in the [underlying] [a]ction, Allstates' Complaint for Declaratory Judgment is nothing more than a request that the Court issue a theoretical judgment with regard to indemnity for an obligation that does not exist and may never exist. The requested endeavor, if granted, would result in the Court wasting its time in imagining possible outcomes in the

---

[1] The defendant cites no rule in support of its motion. However, an argument that a claim is not "ripe," is an argument that this court does not have subject matter jurisdiction over this claim. *See, Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir.2006) ("Standing and ripeness present the threshold jurisdictional question of whether a court may consider the merits of a dispute."). Accordingly, the motion seeks to dismiss this case pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. "A Rule 12(b)(1) motion may be based upon either a facial or a factual challenge to the complaint." *Koury v. Sec'y, Dep't of Army*, 488 F. App'x 355, 356 (11th Cir. 2012) (*citations to McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244 (11th Cir. 2007) omitted). In this case, since the motion questions whether Allstate sufficiently pled facts establishing subject matter jurisdiction, the standards regarding facial attacks apply. The Eleventh Circuit has stated that

In a facial attack . . . the court examines whether the complaint has sufficiently alleged subject matter jurisdiction. As it does when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged by in the complaint as true. *McElmurray*, 501 F.3d at 1251 (noting in a Rule 12(b)(1) facial challenge a plaintiff has "safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised").

*Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702, 182 L. Ed. 2d 720 (2012).

> [underlying] [a]ction and issuing orders predicated upon facts that have not occurred. The ripeness doctrine prohibits such speculative action. Allstate's request for a declaratory judgment with regard to potential indemnity that one day may or may not result from the [underlying] [a]ction is due to be dismissed without prejudice. If and when Berrey becomes legally obligated to pay damages arising from the [underlying] [a]ction, Allstate would appear to be entitled to seek a declaratory judgment in any court of competent jurisdiction.

(Doc. 54 at 7). In its objection to the motion to dismiss, Allstate does not dispute that Berrey, its putative insured, has not yet become legally obligated to pay any damages in the underlying action. Still, it argues that the issue is ripe for adjudication.

Judge Steele, in the Southern District of Alabama, dealt persuasively with this very issue in *Pennsylvania Nat. Mut. Cas. Ins. Co. v. King*, No. CIV.A. 11-0577-WS-C, 2012 WL 280656, at *2-5 (S.D. Ala. Jan. 30, 2012). In that case, Judge Steele wrote:

> Case law is legion for the proposition that an insurer's duty to indemnify <u>is not ripe for adjudication</u> unless and until the insured or putative insured has been held liable in the underlying action. *See, e.g., Allstate Ins. Co. v. Employers Liability Assur. Corp.*, 445 F.2d 1278, 1281 (5th Cir.1971)[2] ("[N]o action for declaratory relief will lie to establish an insurer's liability ... until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize."); *Essex Ins. Co. v. Foley*, 2011 WL 1706214, *3 (S.D.Ala. May 5, 2011) ("Any discussion of the duty to indemnify would be premature, in any event, given the lack of any final adjudication of the

---

[2] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009).

Underlying Action."); *Harleysville Mut. Ins. Co. v. Dapper*, LLC, 2010 WL 2925779, *4 (M.D.Ala. July 21, 2010) ("If Dapper wins, the indemnification issue is moot and the Court would never reach the issue. To resolve the duty to indemnify before the underlying state case concludes risks wasting judicial resources."). Plaintiff does not, and cannot, dispute that the duty-to-indemnify issue joined in this action is not yet ripe because there has been no liability determination in the underlying suit.

The remaining question is what should become of this unripe duty-to-indemnify issue. Not surprisingly, district court opinions are all over the map. Some have ordered dismissal without prejudice, while others have simply stayed the duty-to-indemnify issue pending further developments. This Court favors the approach espoused by *Employers Mut. Cas. Co. v. Evans*, 76 F.Supp.2d 1257 (N.D.Ala.1999)[3], a case cited prominently by the County in its principal brief. . . . In *Evans*, the court elected to "retain jurisdiction to hear both the duty to defend and the indemnification issues.... If the court determines that there is a duty to defend, it may well be appropriate not to then reach the further issue of indemnity. However, a determination that there is no duty to defend may well determine the duty to indemnify issue. Both discretion and common sense mandate that the court retain jurisdiction at least until the duty to defend issue is determined...." 76 F.Supp.2d at 1262; *see also GMC Concrete*, 2007 WL 4335499, at *6 ("The duty to indemnify issue will remain part of the case, but will not be considered ... until the earlier of (a) final disposition of the [underlying] Action; or (b) a ruling on the duty to defend, at which time the Court will entertain any motion that the parties may wish to file concerning the duty to indemnify claims."); *Assurance Co. of America v. Legendary Home Builders, Inc.*, 305 F.Supp.2d 1266, 1267 (S.D.Ala.2003) (staying, rather than dismissing, duty-to-indemnify issue pending final resolution of underlying state proceeding). Accordingly, the duty-to-indemnify issue will be stayed, rather than dismissed, at this time.

*Pennsylvania Nat. Mut. Cas. Ins. Co. v. King*, No. CIV.A. 11-0577-WS-C, 2012 WL

---

[3] *Evans* was decided by Senior District Judge Robert Propst, of the Northern District of Alabama.

280656, at *2-5 (S.D. Ala. Jan. 30, 2012) (*"King"*) (original footnotes omitted, footnotes added, some citations omitted, emphasis added); *see also, St. Paul Fire & Marine Ins. Co. v. Town of Gurley, No.* 5:14-CV-00613-AKK, 2015 WL 5286915, at *19 (N.D. Ala. Sept. 8, 2015) (Kallon, J.) (adopting recommendation of magistrate judge) ("Because there has been no judgment or settlement in the underlying case, the issue of indemnification is not yet ripe and the court will not rule on the issue."); *Nat'l Trust Ins. Co. v. Lower Dixie Timber Co.*, No. CIV.A. 1:14-00200-CG, 2014 WL 4187471, at *5 (S.D. Ala. Aug. 22, 2014) (Granade, J.) ("Because a judgment has not been entered against Lower Dixie Timber in the underlying action, the only coverage issue presently ripe for adjudication is National Trust's duty to defend the liability action.").

This court is persuaded by, and adopts, the analysis and approach set out by Judge Steele in the *King* case, and holds that Allstate's request for a declaration as to its duty to indemnify is not ripe. In keeping with the approach outlined above, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the motion to dismiss is hereby **DENIED without prejudice,** and Allstate's request for a declaration as to its duty to indemnify is **STAYED** until the earlier of (a) final disposition of the underlying action; or (b) a ruling on the duty to defend, at which time the Court will entertain any motion that the parties may wish to file concerning the duty to indemnify claims.

**DONE** and **ORDERED** this 9th day of November, 2015.

<u>                                        </u>
**VIRGINIA EMERSON HOPKINS**
United States District Judge